John DOE, 1 through 4; Jane Doe, 1 through 2; and Other similarly situated individuals, Appellees

v.

Donald H. RUMSFELD, Secretary of Defense, et al., Appellants.

No. 04–5440.

United States Court of Appeals, District of Columbia Circuit.

Feb. 9, 2006.

Mark Steven Zaid, Krieger & Zaid, PLLC, Washington, DC, John J. Michels, Jr., McGuirewoods LLP, Chicago, IL, for Appellees.

Kenneth L. Wainstein, U.S. Attorney, U.S. Attorney's Office, Michael S. Raab, Mark B. Stern, Joshua Paul Waldman, Peter Douglas Keisler, Gregory George Katsas, U.S. Department of Justice, Washington, DC, for Appellants.

Before RANDOLPH, TATEL, and GRIFFITH, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. It is

**ORDERED AND ADJUDGED** that the case be remanded to the district court because the appeal is moot. At issue here is—or rather, was—the validity of a permanent injunction forbidding the Department of Defense from administering anthrax vaccine adsorbed (AVA) to members of the military without their consent. By its own terms, that injunction remained in effect "[u]nless and until FDA classifies AVA as a safe and effective drug for its intended use." *Doe v. Rumsfeld,* 341 F.Supp.2d 1 (D.D.C.2004) (order granting plaintiffs' motion for summary judgment) ("Summ. J. Order"). In its order of December 19, 2005, FDA did just that, namely, classified AVA as "safe and effective and not misbranded." Implementation of Efficacy Review; Anthrax Vaccine Ad-

sorbed; Final Order, 70 Fed. Reg. 75, 180, 75, 182 (Dec. 19, 2005).

By its own terms, then, the injunction has dissolved, and this case no longer presents a live controversy on which we may pass judgment. *See Nat'l Black Police Ass'n v. District of Columbia,* 108 F.3d 346, 349 (D.C.Cir.1997) ("a live controversy must exist at all stages of review"). Although the parties still dispute whether AVA's original 1970 license takes it outside the definition of "drug unapproved for its applied use" within the meaning of 10 U.S.C. § 1107(g)(2), resolving that issue would have no practical effect on the now-dissolved injunction, and we have "no power to ... decide questions that cannot affect the rights of litigants in the case before [us]." *Nat'l Black Police Ass'n,* 108 F.3d at 349 (internal quotation marks removed).

The government argues that the case is not moot because the district court's final order "encompasses a declaration that the vaccine's 1970 license does not extend to inhalation anthrax." Reply to Opp'n to Appellant's Mot. to Govern Further Proceedings 2. As we read the district court's order, however, it never granted such declaratory relief, nor any other relief except the injunction. *See* Summ. J. Order.

In the event we find the case moot, the government urges us to vacate the district court's opinion. We decline to do so, and instead remand with instructions to the district court to consider that request. *See U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship,* 513 U.S. 18, 29, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994) ("a court of appeals presented with a request for vacatur of a district-court judgment may remand the case with instructions that the district court consider the request").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.